UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL OGLESBY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case number 4:06cv1482CAS |
| | ) TCM |
| | ) |
| MICHAEL BOWERSOX and | ) |
| CHRIS KOSTER, Attorney General for | ) |
| the State of Missouri,[1] | ) |
| | ) |
| Respondents. | ) |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Daniel Oglesby, a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from a June 5, 2003 conviction.[2]

---

[1] Petitioner filed this federal habeas action to challenge a one-hundred year sentence he will serve after the completion of a twelve year sentence for a drug conviction he began serving in July 2002, see, e.g., **Oglesby v. Bowersox**, Case No. 4:06cv0126 AGF, at 1 (E.D. Mo. opinion dated Mar. 12, 2009), pending on appeal, Case No. 09-1864 (8th Cir. filed Apr. 8, 2009). Because at the time Petitioner filed this action he was subject to future custody under the state court judgment he is now challenging, the Court will add the Attorney General of the State of Missouri, Chris Koster, as a proper party respondent. See Rule 2(b), Rules Governing Section 2254 in the United States District Courts.

Alternatively, Petitioner identified the then-Attorney General for the State of Missouri, Jeremiah W. (Jay) Nixon, in his federal habeas petition. (Pet. at 1 [Doc. 1].) To the extent Nixon should have been identified as a Respondent from the outset of these proceedings, he is no longer the Attorney General for the State of Missouri, and the Court substitutes the present Attorney General for the State of Missouri, Chris Koster, as a proper party respondent.

[2] Along with his habeas petition, Petitioner filed nine exhibits, listed as exhibits "A" through "I." Respondents do not challenge the accuracy or veracity of those exhibits. Three of Petitioner's exhibits, those listed by Petitioner as exhibits "G," "H," and "I," are not separately marked. When the Court refers to any of those three exhibits, it will do so by identifying the referenced material as

See 28 U.S.C. 2254. Respondents filed a Response to the Order to Show Cause Why a Writ of Habeas Corpus Should Not Issue (Response). Petitioner has not filed a reply. This matter is before the undersigned United States Magistrate for a review and a recommended disposition. See 28 U.S.C. § 636(b). Finding the federal habeas petition time-barred, the undersigned recommends denying the petition without further proceedings.

**Background**

In 2002, Petitioner was charged with one count of statutory sodomy in the first degree in violation of Missouri Revised Statutes § 566.062. (Pet. at 1 [Doc. 1]; Resp't Ex. B at 11.) A jury found Petitioner guilty of the first degree statutory sodomy offense. (Pet. at 1 [Doc. 1]; Pet'r Ex. B at 5 [Doc. 1-1 at 8]; Resp't Ex. A at 287; Resp't Ex. B at 7.) The trial court sentenced Petitioner to 100 years imprisonment, to be served "consecutively with [the] sentence [Petitioner was then] currently serving" for Petitioner's drug conviction. (Pet. at 1

---

"should be marked" G, H, or I.

The undersigned notes that, while there are no references to the minor victim's identity in Petitioner's petition (Doc. 1), one of Petitioner's Exhibits, Pet'r Ex. F (Doc. 1-1 at 15-16), does mention the minor victim's name. Therefore, the Clerk of the Court will be directed immediately to place that document under seal. Some of Respondents' exhibits in support of Respondents' Response also contain references to the minor victim's identity (Doc. 11), although the Response itself (Doc. 10) does not contain such references. The Clerk of the Court maintains Respondents' exhibits under seal, so an order sealing those exhibits is not necessary.

The undersigned has received from Respondents a copy of pages 3, 6, 8, and 79 of their Exhibit B, the legal file from Petitioner's direct appeal to the Missouri Court of Appeals, Eastern District, which pages had been missing from that exhibit. In providing the Court with these missing pages, Respondents also provided other pages from Exhibit B, specifically pages 1, 2, 4, 5, 7, 9, and 78, which were already part of the record in this case. The Clerk of Court will be directed to scan and make part of the record only the four pages, pages 3, 6, 8, and 79, which had been missing from Respondents' Ex. B. Those pages will be retained under seal.

[Doc. 1]; Pet'r Ex. B at 6-7 [Doc. 1-1 at 9-10]; Resp't Ex. A at 309; Resp't Ex. B at 78.)

Petitioner filed a timely appeal. (Resp't Ex. B at 82; see also Resp't Ex. C.) The Missouri Court of Appeals for the Eastern District of Missouri affirmed the conviction in a summary *per curiam* order dated March 16, 2004, and issued its mandate on April 16, 2004. (Order of Missouri Court of Appeals, Eastern District, at what should be marked Pet'r Ex. G [Doc. 1-1 at 17]; Resp't Ex. E; Page 4 of the Docket Sheet for **State v. Oglesby,** No. ED83068, at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Oct. 26, 2009).) Petitioner did not file a motion for transfer to the Missouri Supreme Court. (See, e.g., Page 4 of the Docket Sheet for **State v. Oglesby,** No. ED83068, at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Oct. 26, 2009).)

Thereafter, Petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15 (post-conviction motion), which is not part of the available record.[3] (Pet. at 4 [Doc. 1 at 3]; see also Resp't Ex. F at 4.) On September 7, 2004, the motion court[4] dismissed Petitioner's post-conviction motion with prejudice as not timely filed (Pet. at 4

---

[3] In their Response, Respondents reported they had "not been able to obtain court records yet for the post-conviction case." (Resp't Response at 2 [Doc. 10 at 2].) The only document available of record regarding Petitioner's post-conviction motion is the September 7, 2004 "Judgement and Order" dismissing the post-conviction motion with prejudice. This document is what should be marked as Petitioner's Ex. H (Doc. 1-1 at 18).

[4] The judge dismissing Petitioner's post-conviction motion was the same judge who had presided over Petitioner's trial on the first degree statutory sodomy charge. See Resp't Ex. A and the document that should be marked as Petitioner's Ex. G (Doc. 1-1 at 18).

The parties sometimes refer to the dismissal of the post-conviction motion as occurring on September 9, 2004. See, e.g., Resp't Response at 2-3; Resp't Ex. F at 4.

[Doc. 1 at 3]; Judgement and Order of the Circuit Court of Marion County, at Hannibal, Missouri, signed September 7, 2004, which should be marked Pet'r Ex. H [Doc. 1-1 at 18].) Petitioner did not appeal this ruling. (Pet. at 5 [Doc. 1 at 4]; <u>see also</u> Resp't Ex. F at 5.)

In February 2006, Petitioner filed a petition for writ of habeas corpus in state court under Missouri Supreme Court Rule 91. (Resp't Ex. F.) On September 17, 2006,[5] the state habeas court found "no legal basis to proceed on Petitioner's request for Writ of Habeas Corpus," and dismissed Petitioner's state habeas petition for "failing to state any cognizable claim under M[issouri] law, including Mo. Sup. Ct. Rule 91." (Page 2 of Docket Sheet that should be marked Pet'r Ex. I [Doc. 1-1 at 20]; Resp't Ex. H at 2.) Petitioner did not appeal this ruling or file another state habeas petition. (Pet. at 5 [Doc. 1 at 4]; <u>see also</u> Resp't Ex. F at 5.)

In October 2006 Petitioner filed this federal habeas action,[6] including four grounds[7]

---

[5] Respondents do not state when Petitioner's state habeas proceeding was resolved. Petitioner states that proceeding was resolved by a dismissal dated September 17, 2006. (Pet. at 5 [Doc. 1 at 4].) The docket sheet for the state habeas proceeding, what should be marked Petitioner's Ex. I, does not clearly state the month of the dismissal, although the day of the dismissal was the 17th of a month in 2006. The undersigned will use Petitioner's date, September 17, 2006, as the date of the dismissal of Petitioner's state habeas proceeding.

[6] The undersigned notes that, while this federal habeas action was pending, Petitioner unsuccessfully sought to pursue a proceeding under 42 U.S.C. § 1983 challenging his confinement and seeking monetary compensation from the trial court judge, the prosecuting attorney, and his public defender in the statutory sodomy proceeding. **Oglesby v. McKenzie**, Cause No. 2:07cv0022MLM (E.D. Mo. dismissal dated Apr. 24, 2007).

[7] Respondents note that Petitioner presented four claims and characterized those claims as follows:

Claims one and two in the [federal habeas] petition both examine trial counsel's

- 4 -

for relief in the petition.  In ground one, Petitioner alleges the trial court violated his Sixth Amendment right to the effective assistance of counsel by failing to determine whether Petitioner's trial counsel had an actual conflict of interest after Petitioner filed his motion to disqualify counsel prior to trial.  (Pet. at 6 and two pages of facts supporting ground 1 [Doc. 1 at 5, 15-16].)  For ground two, Petitioner alleges trial counsel was ineffective for failing to inform the trial court of counsel's conflict of interest at trial and this failure "deprived [Petitioner] of [h]is constitutional right to have effective assistance through all stages of the proceedings in this case as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (Pet. at 7-9 and page of facts supporting ground 2 [Doc. 1 at 6-8, 17].)  For ground three, Petitioner argues his appellate attorney was ineffective in violation of the Sixth Amendment for failing to raise on direct appeal the trial court's violation of Petitioner's Sixth Amendment right to the effective assistance of trial counsel.  (Pet'r Pet. at 9-10 and page of facts supporting ground 3 [Doc. 1 at 8-9, 18].)  For his fourth ground, Petitioner argues the state habeas court's decision was contrary to federal law as established by the Supreme Court.  (Pet.  at 11-12 and page of facts supporting ground 4 [Doc. 1 at 10-11, 19].)

---

conflict of interest.  Claim three is the ineffective assistance of appellate counsel claim.  Claim four is a statement that [Petitioner] is entitled to relief under the AEPDA on all of his claims.

(Resp't Resp. at 1 n.2.)  As is clear from the summary of Petitioner's claims in the text of this memorandum, the undersigned does not agree with Respondents' characterization of Petitioner's fourth claim.

Respondents argue Petitioner's federal habeas petition is time-barred, Petitioner's claims are procedurally barred, and Petitioner's claims lack merit.  Because the undersigned concludes that the federal habeas petition is time-barred and recommends dismissal on that basis, Respondents' arguments that the claims are procedurally barred or lack merit will not be addressed.

Timeliness of Federal Habeas Petition.  Respondents urge the federal habeas petition is time-barred because it was not filed within the one year statutory limitations period in 28 U.S.C. § 2244(d)(1), and no statutory or equitable basis exists for extending that period.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition.  That year runs from the latest of four specified dates.  28 U.S.C. § 2244(d)(1)."  **Jimenez v. Quarterman**, 129 S.Ct. 681, 683 (2009).  The first specified date is "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"  **Id.** (quoting 28 U.S.C. § 2244(d)(1)(A)).  This first possible date is the date relevant to this federal habeas proceeding.

The Supreme Court has determined that "direct review" for purposes of 28 U.S.C. § 2244(d)(1)(A)

> cannot conclude . . . until the "availability of direct appeal to the state courts," Caspari v. Bohlen, 510 U.S. 383, 390 . . . (1994), and to th[e United States Supreme] Court, Lawrence[ v. Florida, 549 U.S. 327,] 332-33 [(2007)], has been exhausted.  Until that time, the "process of direct review" has not "com[e] to an end" and "a presumption of finality and legality" cannot yet have "attache[d] to the conviction and sentence," Barefoot v. Estelle, 463 U.S. 880,

887 . . . (1983).

**Id.** at 685-86 (fourth and fifth alterations in original). For purposes of this statutory provision, when a "federal court [is] presented with an individual's first petition for habeas relief[, the court must] make use of the date on which the entirety of the state direct appellate review process was completed." **Id.** at 686; accord **O'Neal v. Kenny**, 579 F.3d 915, 919 (8th Cir. 2009).

In instances when the Missouri Court of Appeals issues a decision in a direct appeal and the petitioner does not seek transfer to the Missouri Supreme Court, the United States Court of Appeals for the Eighth Circuit holds that the direct appeal becomes final when the mandate of the appellate court issues. **Riddle v. Kemna**, 523 F.3d 850, 855, 856 (8th Cir. 2008) (*en banc*). In such circumstances, the federal habeas court does not include in the period provided by 28 U.S.C. § 2244(d)(1)(A) the ninety day period allowed for filing a petition for certiorari to the United States Supreme Court because the United States Supreme Court could not review the petitioner's direct appeal due to the absence of a decision by the state court of last resort, the Missouri Supreme Court.[8] **Id.** at 855. Therefore, in these

---

[8] In their Response, Respondents suggest that the ninety day period during which a petition for certiorari may be filed should be included in the calculation of when the statutory limitation period runs, citing **Nichols v. Bowersox**, 172 F.3d 1068, 1072 (8th Cir. 1999) (*en banc*). The **Nichols** decision that the ninety day period for filing a petition for certiorari to the United States Supreme Court is included in the calculation of when the one year period begins to run under 28 U.S.C. § 2244(d)(1)(A) was abrogated, however, by the Eighth Circuit's subsequent *en banc* decision in **Riddle v. Kemna**, 523 F.3d 850, 855-56 (8th Cir. 2008) (*en banc*), which was issued after the Respondents filed their Response.

Notably, Petitioner's federal habeas petition was clearly untimely, even if ninety days after issuance of the direct-appeal mandate for filing a petition for certiorari was included in the calculation

situations, "the statute of limitations in 28 U.S.C. § 2244(d)(1) [begins] the day after the direct-appeal mandate" is issued. **Id.** at 856.

Here, the Missouri Court of Appeals issued its direct-appeal mandate on April 16, 2004, and Petitioner did not request transfer to the Missouri Supreme Court. Therefore, the one year limitation period for the filing of Petitioner's federal habeas petition began on April 17, 2004, and would end on Monday, April 18, 2005, if other proceedings did not affect the calculation of the one year period. See, e.g., 28 U.S.C. § 2244(d)(2).

That statutory provision states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The undersigned will, therefore, first ascertain whether or not the time during which Petitioner's post-conviction motion proceeding was pending counts toward the statutory one-year limitation period, and then will address whether Petitioner's state habeas proceeding tolled that limitation period.

For a state post-conviction motion "[t]o extend the limitations period, [the motion]

---

of when the limitations period began to run. Cf. **Shelton v. Purkett**, 563 F.3d 404, 407 (8th Cir. 2009) (noting that a federal habeas petition would have been timely filed if the ninety day period for seeking certiorari was included in the calculation of the one year period under 28 U.S.C. § 2244(d)(1)), petition for cert. filed, ___ U.S. ___ (U.S. July 27, 2009) (No. 09-5542); **Streu v. Dormire**, 557 F.3d 960, 967-68 (8th Cir. 2009) (same). Giving Petitioner the benefit of the ninety day period for filing a petition for certiorari, the petition for certiorari would have been due on Friday, July 16, 2004, ninety days after issuance of the direct-appeal mandate on April 16, 2004; and Petitioner's federal habeas petition would have been due one year later, or on Monday, July 18, 2005. Petitioner filed his federal habeas petition in October 2006 or more than fourteen months after it was due based on this calculation method.

must be properly filed." **Finch v. Miller**, 491 F.3d 424, 426 (8th Cir. 2007). In relevant part, to be considered "properly filed" such a motion must be timely filed. **Pace v. DiGuglielmo**, 544 U.S. 408, 414, 417 (2005).

> When a post[-]conviction petition is untimely under state law, 'that [is] the end of the matter for purposes of § 2244(d)(2) . . . [T]ime limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2).

**Id.** (second alteration in original); accord **Allen v. Siebert**, 552 U.S. 3, 7 (2007) (*per curiam*). The pendency of an untimely post-conviction motion, then, does not toll the one-year statutory limitation period for the filing of a federal habeas petition. **Pace**, 544 U.S. at 417; accord **Lewis v. Norris**, 454 F.3d 778, 781 (8th Cir. 2006).

While the available record does not contain a copy of either the post-conviction motion filed by Petitioner or the docket sheet for Petitioner's post-conviction proceeding, the state court dismissed Petitioner's post-conviction motion with prejudice as not timely filed. (Judgement and Order at what should be marked Pet'r Ex. H [Doc. 1-1 at 18]; Pet. at 4 [Doc. 1 at 3]; Resp't Ex. F at 4.) Therefore, the period the untimely post-conviction motion was pending is not excluded from the one year period, and Petitioner had one year from the issuance of the direct-appeal mandate on April 16, 2004, or until Monday, April 18, 2005, to file his federal habeas petition.

The pendency of Petitioner's state habeas action, filed on February 9, 2006, also does not toll or otherwise extend the one-year period Petitioner had for filing his federal habeas

action because Petitioner filed his state habeas petition months after expiration of the one-year limitation period for the filing of the federal habeas petition. **Gray v. Gammon**, 283 F.3d 917, 918 (8th Cir. 2002) (*per curiam*); accord **Jackson v. Ault**, 452 F.3d 734, 735 (8th Cir. 2006) ("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"), cert. denied, 549 U.S. 1123 (2007).

Under the circumstances, neither Petitioner's state post-conviction motion nor Petitioner's state habeas action extended or tolled the statutory one-year period within which Petitioner had to file a federal habeas petition. His federal habeas petition had to be filed by Monday, April 18, 2005, and was not filed until October 2006 or more than seventeen months after that petition should have been filed.

Although Petitioner did not timely file his federal habeas petition within the one-year period set forth in 28 U.S.C. §2244(d)(1), his federal habeas petition may be considered timely if he is entitled to equitable tolling of that one year period. Because § 2244(d)(1) is a "statute of limitations rather than a jurisdictional bar," equitable tolling "may be available to toll th[at] time limit under certain circumstances." **Earl v. Fabian**, 556 F.3d 717, 722 (8th Cir. 2009); accord **Heath v. Ault**, No. 08-2388, 2009 WL 2904205, at *1 (8th Cir. Sept. 11, 2009) (*per curiam*) (unpublished opinion); cf. **Lawrence v. Florida**, 549 U.S. 327, 336 (2007) (noting the Supreme Court had not "decided whether § 2244(d) allows for equitable tolling"); **Pace**, 544 U.S. at 418 n.8 (noting the Supreme Court had "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations"); **Earl**,

556 F.3d at 722 (noting "the Supreme Court has never expressly held that [the] AEDPA permits equitable tolling"). Equitable tolling, however, provides only "'an exceedingly narrow window of relief.'" **Riddle**, 523 F.3d at 857 (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." **Id.** (internal quotation marks omitted) (quoting Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006)); accord **Lawrence**, 549 U.S. at 336 (quoting Pace, 544 U.S. at 418); **Streu v. Dormire**, 557 F.3d 960, 967 (8th Cir. 2009). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." **Kreutzer v. Bowersox**, 231 F.3d 460, 463 (8th Cir. 2000). Equitable tolling may also be proper when a respondent's conduct has "lulled the [petitioner] into inaction." **Id.**

In addressing the timeliness of his petition, Petitioner does not discuss any of the elements necessary to establish equitable tolling. See Pet. at 14 (Doc. 1 at 13). Rather, Petitioner urges the nature of his constitutional claims "renders them exempt from procedural bar" and "compels review regardless of possible procedural defaults"; his "procedural default" should be excused due to the "ineffective assistance of trial counsel and ineffective assistance of appellate counsel"; and the "trial court['s] creat[ion of] a structural defect affecting the framework within which the trial and sentencing proceeded . . . will result [in] a manifest

injustice or miscarriage of justice." (Id.)

To the extent, Petitioner urges the nature of his claims requires their consideration despite the untimeliness of his petition, the undersigned disagrees; otherwise, every federal habeas petition asserting such constitutional claims would be timely filed regardless of the filing date, and the statutory one-year filing period would be rendered meaningless. Petitioner's general argument that the ineffective assistance of his trial or appellate attorney should equitably toll the one year period for filing a federal habeas petition also is not persuasive. **Riddle**, 523 F.3d at 857 (the "ineffectiveness of counsel . . . generally does not warrant equitable tolling"); **Kreutzer**, 231 F.3d at 463 (equitable tolling has not been warranted "in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources . . . [and] tolling is even less appropriate in a case where the petitioner is represented by counsel"). Finally, Petitioner's non-specific argument that he is entitled to equitable tolling due to a "manifest injustice" or a "miscarriage of justice," is unconvincing due to the exceedingly narrow window for relief provided by equitable tolling. Most importantly, however, none of Petitioner's arguments, to the extent they are presented in support of equitable tolling, demonstrate either that circumstances beyond Petitioner's control made it impossible for him to file a timely federal habeas petition or that a Respondent's conduct lulled Petitioner into inaction. **Kreutzer**, 231 F.3d at 463. Equitable tolling does not apply to the circumstances of this case.

For the foregoing reasons, this federal habeas petition is time-barred in that it was

untimely filed in October 2006, or more than seventeen months after the April 18, 2005, statutory filing deadline, and that filing deadline was not tolled or extended by the pendency of Petitioner's untimely state post-conviction motion, the pendency of Petitioner's state habeas petition, or equitable tolling principles.

## **Conclusion**

Because Petitioner filed his federal habeas petition months after it was due, and no statutory or equitable basis exists to extend the statutory one year period for filing a federal habeas petition, the petition is time-barred. Accordingly,

**IT IS HEREBY ORDERED** that the Attorney General for the State of Missouri, Chris Koster, is added or substituted for Jeremiah W. (Jay) Nixon as a Respondent in this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **IMMEDIATELY FILE UNDER SEAL** Petitioner's Exhibit F [Doc. 1-1 at 15-16].

**IT IS FURTHER ORDERED** that the Clerk's Office scan pages 3, 6, 8, and 79 of Respondents' Exhibit B so that those pages are part of the record of this case, and retain them **UNDER SEAL**.

**IT IS FINALLY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Daniel Oglesby be **DENIED** without further proceedings.

The parties are advised that they have **until November 24, 2009,** to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28

U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

      /s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of November, 2009.